IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Respicio, Russell Young, Mitchell Tynanes, Eric Hashizume, Lance Yoshimura and Keith Hirota; George Ehara; *Apprenticeship & Training Fund by its trustees* Dale Sakamoto-Yoneda; Conrad Murashige, Ron Taketa, Lance Yoshimura, Dean Takahashi, Thomas Toma, Claude Matsumoto, Wil Ideue, Duke Lang, Terry Ikeda, John Bley and John Pitts; *Vacation & Holiday Fund by its trustees* James Watanabe, Wil Ideue, Gerard Sakamoto, Paul Sasaki, Jay Kadowaki; James Watanabe, Jon Tesoro, Mel Fujii, Curtis Kern, Michael Cadaoas, Alfred Dela Cruz, Lani Smithson, Christian Tackett, Paul Silen and Christian Tackett; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Steven Hidano, Gerard Sakamoto, Mark Kapahu, William Maglinti, Jr.; Leonard Hoshijo, Lance Yoshimura, Peter Robb, Justin Kochi, Bill Wilson, Lance Inouye, Craig Fukuda and Darren Ho; *Financial Security Fund by its trustees* Gordon L. Scruton, Lance Wilhelm, Conrad Murashige, Kenneth Sakurai, Loyce C. Morris, Ronald Taketa, Kenneth Spence, Michael Hawes, Kealii B. Flood, Malvin Ang, Lance Yoshimura, Alan Shintani, Gerry Majkut and Mark Luna; *Drywall Training Fund by its trustees* Glenn Young; Justin Kochi; Myles Hokama; Clyde Takatsuki, Karl Sinclair, Lito Alcantra, Denis Mactagone, William | Civil No. 10-00214 JMS-LEK |

Maglinti, Jr., Raynard (Shayne)   )
Chung, Reynaldo Tabura, Bert     )
Beaman, Mike Goodnight; 401-*K Fund* )
*by its trustees* Gordon Scruton,   )
Conrad Murashige, Kenneth Sakurai, )
Lance Wilhelm, Loyce C. Morris,   )
Malvin Ang, Ronald Taketa, Lance   )
Yoshimura, Kenneth Spence, Michael )
Hawes, Kealii B. Flood, Alan       )
Shintani, Gerry Majkut and Mark    )
Luna                               )
                                   )
                 Plaintiffs,       )
                                   )
        vs.                        )
                                   )
ELIMA ENGINEERING; JOHN DOES 1-    )
100; JANE DOES 1-100; DOE          )
CORPORATIONS 1-100; DOE            )
PARTNERSHIPS 1-100; DOE ENTITIES   )
1-100; DOE GOVERNMENTAL UNITS 1-   )
100,                               )
                                   )
                 Defendants.       )
_____    )

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

On April 14, 2010, Plaintiffs Trustees of the Hawaii

Carpenters Trust Funds ("Plaintiffs" or "Trust Funds"), by and

through their attorneys, McCorriston Miller Mukai MacKinnon LLP,

filed this action for damages against Defendant Elima Engineering

("Defendant"), alleging that Defendant materially breached its

collective bargaining and trust agreements ("the CBA") entered

into by Defendant and the United Brotherhood of Carpenters and

Joiners of America, Local 745, AFL-CIO ("the Union"). The Trust

Funds claim that Defendant failed to contribute and pay to the

Trust Funds certain employee benefit contributions arising from

work performed by Defendant's covered employees, which amounts should be paid to the Trust Funds on or before the due dates as specified in the CBA and disclosed by an audit of Defendant's payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. §§ 1132 and 1145).

Service of process was made on Defendant on April 21, 2010, as is evidenced by the Return of Service filed herein on April 26, 2010.  Defendant did not respond to the Complaint, and the Clerk of Court entered default against Defendant on June 2, 2010.

On June 14, 2010, the Trust Funds filed the instant Motion for Entry of Default Judgment Against Elima Engineering ("Motion"), seeking to recover a money judgment for contributions owed, liquidated damages, per diem interest until satisfaction of judgment, and attorneys' fees and costs to date, including fees for the attendance at the hearing on the Motion and finalization for the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's covered employees.

The Trust Funds' Motion came on for hearing on July 26, 2010 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant. Lorraine H. Akiba, Esq., appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the instant Motion. Pursuant to this Court's instructions at the hearing, the Trust Funds filed a supplemental declaration by Ms. Akiba on August 2, 2010 ("Supplemental Akiba Declaration").

## DEFAULT JUDGMENT

Having obtained entries of default against Defendant, the Trust Funds now seek default judgment pursuant to Fed. R. Civ. P. 55(b)(2). "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).

A plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party

4

seeking a default judgment." <u>VonGrabe v. Sprint PCS</u>, 312 F.

Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing <u>Pena v. Seguros La</u>

<u>Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985)).

     In determining whether to grant default judgment,

courts should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive
> claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning
> material facts,
> (6) whether the default was due to excusable
> neglect, and
> (7) the strong policy underlying the Federal Rules
> of Civil Procedure favoring decisions on the
> merits.

<u>Warner Bros.</u>, 346 F. Supp. 2d at 1071-72 (quoting <u>Eitel v.</u>

<u>McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  In addition, a

court can deny default judgment where the defendant has appeared

and actively defends against the plaintiff's claims.  <u>See</u>

<u>VonGrabe</u>, 312 F. Supp. 2d at 1319.

     Having considered all of the relevant factors, this

Court CONCLUDES that default judgment is warranted in this case.

<u>**FINDINGS**</u>

     Having reviewed the Trust Funds' Motion, the

Supplemental Akiba Declaration, and the record established in

this action, this Court HEREBY FINDS as follows:

**A.**    <u>**Liability, Damages, and Interest**</u>

1.   At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawai`i.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the LMRA (29 U.S.C. § 186) and a multi-employer employee benefit plan within the meaning of ERISA (29 U.S.C. § 1002).

2.   Defendant is a Hawai`i corporation doing business in the State of Hawai`i.

3.   On or about May 29, 2007, Defendant made, executed and delivered to the United Brotherhood of Carpenters & Joinders of America, Local 745, AFL-CIO (the "Carpenters Union"), a certain written collective bargaining agreement, effective to and including August 31, 2012, entitled "Certification of Receipt and Acceptance Master Agreement Covering Carpenters in the State of Hawaii and Declaration of Trust Agreements Appurtenant thereto", a copy of which is attached to the Complaint filed herein as Exhibit "A" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the Special Residential Agreement, and the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

4.    Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees.

5.    In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

6.    In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that, in the event any monthly contributions were not paid when due, Defendant would pay to each Trust Fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, as and for liquidated damages and not as a penalty.  Defendant also agreed to pay interest at the rate of twelve percent (12%) per annum on any unpaid trust fund contributions.  [Exh. B to Complaint at 15-16.]

7.    In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in a sum equal to twenty percent (20%) of the delinquent

trust fund contributions not received in accordance with the payment deadlines set forth in the CBA.

8.    Under the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover interest from Defendant at the rate of twelve percent (12%) per annum on any unpaid trust fund contributions.

9.    Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

10.   As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this district court to seek redress for violations of terms of the CBA and to enforce the terms of the CBA by obtaining appropriate relief from this court.  Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary."  29 U.S.C. § 1132(e)(1).

11.   The Trust Funds seek the following amounts from Defendant, excluding attorneys' fees:

Delinquent trust fund contributions for period
April 2009 through January 2010 . . . . . . . .  $48,997.42

Liquidated damages for period April 2009 through
January 2010 . . . . . . . . . . . . . . . . . .  $14,422.66

12% Interest . . . . . . . . . . . . . . . . . . . $1,456.28

8

```
401(k) Interest  . . . . . . . . . . . . . . . . .  $17.95

TOTAL  . . . . . . . . . . . . . . . . . . .  $64,894.31
```

together with additional interest at a per diem rate of twelve percent (12%) until judgment is satisfied.  [Complaint at ¶ 15.]

12.  Plaintiffs have provided sufficient evidence of their damages by submitting a table showing the amounts, as of June 10, 2010, of delinquent contributions per fund and the liquidated damages and interest owed to each fund as a result of the delinquencies.  [Motion, Decl. of Lorraine H. Akiba ("Akiba Decl."), Exh. 4.]

13.  Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations, and Defendant may accrue and owe additional trust fund contributions, liquidated damages, and interest up to the entry of final judgment.

14.  The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages, and interest which may subsequently be discovered through audits or otherwise, arising from work performed by Defendant's employees both before and after June 2010.

**B.   <u>Attorneys' Fees and Costs</u>**

15.  Under the terms of the CBA, Defendant promised that, if the Trust Funds brought legal action to enforce the CBA against Defendant, Defendant would pay all of the Trust Funds court and

audit costs and reasonable attorneys' fees.  [Exh. B to Complaint at 15-16.]

16.  An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

17.  The Trust Funds are therefore entitled to their reasonable attorneys' fees and costs incurred in bringing the instant action.

18.  Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

a.  The Trust Funds seek a total of $3,527.50 in attorneys' fees, representing 20.75 hours of work performed by Lorraine Akiba, Esq., at a rate of $170 per hour.  [Exh. 5 to Akiba Decl.; Exh. A to Suppl. Akiba Decl.]

10

b.     Ms. Akiba was admitted to the Hawai`i bar in 1981.
[Akiba Decl. at ¶ 14.]  The Court finds that Ms. Akiba's
requested hourly rate is manifestly reasonable.

c.     Ms. Akiba's time records include 4.0 hours of work
performed before April 2009.  The Court finds that such time is
not compensable because any delinquent contributions that
occurred prior to April 2009 are not the subject of the instant
case and any fees incurred in connection with those delinquencies
were not reasonably necessary to the result of the instant case.
See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632,
636 (D. Hawai`i 1993) (noting that a party seeking attorneys'
fees must prove that the requested fees were associated with the
relief requested and were reasonably necessary to achieve the
results obtained (citations omitted)).

d.     Ms. Akiba's time records also include non-
compensable clerical tasks such as reviewing filing noticing and
preparing transmittals of documents.  "Clerical or ministerial
costs are part of an attorney's overhead and are reflected in the
charged hourly rate."  Sheffer v. Experian Info. Solutions, Inc.,
290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  The Court will
therefore deduct 0.5 hours from Ms. Akiba's time for clerical
tasks.

e.    The Court FINDS that a total of 16.25 hours of Ms. Akiba's time is compensable in this case at a rate of $170 per hour, for a total of $2,762.50 in attorneys' fees.

19.  The Trust Funds also seek a total of $631.05 in costs consisting of fax charges, copying charges, courier charges, postage, filing fees, and sheriff's service fees.

20.  The Court finds that these types of costs are compensable in this case.  The Court, however, finds that $38.13 of counsel's costs are not compensable, for the reasons stated *supra*, because counsel incurred them prior to April 2009.

21.  The Court FINDS that the Trust Funds are entitled to litigation costs in the amount of $592.92.

## **RECOMMENDATION**

In accordance with the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the Trust Funds' Motion for Entry of Default Judgment Against Elima Engineering, filed June 14, 2010, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge GRANT default judgment in favor of the Trust Funds and against Defendant for the recovery of: delinquent contributions in the amount of $48,997.42; liquidated damages in the amount of $14,422.66; twelve percent interest in the amount of $1,456.28; 401(k) interest in the amount of $17.95; attorneys' fees in the amount of $2,762.50; and costs in the amount of $592.92.  The Court also RECOMMENDS that the district judge grant

12

the Trust Funds additional interest at a per diem rate of twelve percent (12%) until the satisfaction of judgment.  Finally, the Court RECOMMENDS that the entry of final judgment in this matter be without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees, both before and after June 2010, that are not the subject of the instant case.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, August 31, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

--------------------------------------------------------------
Hawaii Carpenters Trust Funds vs. Elima Engineering, CV 10-00214 JMS-LEK; FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT ELIMA ENGINEERING

13